UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

---

PEOPLE DRIVEN TECHNOLOGY, INC.,
and SCOTT SUTHERLAND

        Plaintiffs,

v.

PRESIDIO, INC., PRESIDIO NETWORKED
SOLUTIONS LLC, and PRESIDIO
NETWORKED SOLUTIONS GROUP, LLC,

        Defendants.

Case No:

Hon.

| | |
|---|---|
| D. Andrew Portinga (P55804) | Michael G. Brady (P57331) |
| Sara E. Weskalnies (P84076) | Zainab S. Hazimi (P80452) |
| MILLER JOHNSON | WARNER NORCROSS + JUDD |
| Attorneys for People Driven Technology, Inc. | Attorneys for Scott Sutherland |
| 45 Ottawa Avenue SW, Suite 1100 | 2715 Woodward Ave, Ste 300 |
| Grand Rapids, MI 49503 | Detroit, MI 48201 |
| (616) 831-1700 | (248) 546-6000 |
| portingaa@millerjohnson.com | mbrady@wnj.com |
| weskalniess@millerjohnson.com | zhazimi@wnj.com |

## COMPLAINT

Plaintiffs, People Driven Technology, Inc. ("PDT") and Scott Sutherland, state as follows for their complaint:

## NATURE OF ACTION

This is an action for declaratory judgment. Plaintiffs seek a declaratory judgment determining the enforceability of the non-compete and non-solicitation agreement between PDT's prospective employee, Scott Sutherland, and his former employer Netech Corporation/Presidio.

## PARTIES

1. PDT is a Michigan corporation with its principal place of business located in Grand Rapids, Michigan.

2. Scott Sutherland is an individual who resides in Lake Orion, Michigan.

3. Presidio, Inc. is a Delaware corporation with its principal place of business located in New York, New York.

4. Presidio Networked Solutions, LLC ("PNS LLC") is a Florida limited liability company and an indirectly wholly owned subsidiary of Presidio, Inc. PNS LLC's principal place of business is located in New York, New York.

5. Presidio Networked Solutions Group, LLC ("PNSG LLC") is a Delaware limited liability company, a wholly owned subsidiary of PNS LLC, and an indirectly wholly owned subsidiary of Presidio, Inc.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different States.

7. This Court has authority to award the requested declaratory relief under 28 U.S.C. § 2201-02 and Federal Rule of Civil Procedure 57.

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

9. Plaintiffs incorporate by reference all preceding paragraphs.

10. Netech was an IT services and solutions integrator and provider. Presidio is also an IT solutions provider.

11. On December 31, 2015, Netech agreed to sell its assets to Presidio Infrastructure Solutions, LLC ("PIS"), a subsidiary of Presidio, Inc. After the asset sale, Netech continued to exist as a non-operating entity.

12. On January 11, 2016, Mr. Sutherland executed an Employment, Non-Disclosure, Non-Competition, Non-Solicitation, Patent Rights and Copyrights Agreement ("the Employment Agreement") with Netech Corporation. (**Exhibit 1**).

13. The Agreement was effective from January 1, 2016 through December 31, 2021. Section 2 of the Employment Agreement states:

> **Term.** This Agreement is effective from January 1, 2016, ***through December 31, 2021, unless extended in writing by you and the Company or terminated earlier as provided in this paragraph***. The Company may terminate Employee's employment at any time, with or without cause, upon sixty (60) days written notice. Employee may terminate employment with the Company at any time by giving appropriate notice to the Company. (Emphasis added).

14. The Employment Agreement sets forth Mr. Sutherland's non-competition and non-solicitation obligations during his employment and after his employment termination. As to Mr. Sutherland's non-competition obligations, Section 6(a) of the Agreement states that:

> ***Employee hereby agrees that during the term of Employee's employment and or a period of one (1) year from the date of termination of employment by Employee***, he/she shall not directly or indirectly, either as a principal, agent, employee, employer, consultant, Investor, organizer, copartner or in any other Individual or representative capacity, become employed by or otherwise render services related to development, assembly, manufacture, sale, lease or service of computer and/or computer network equipment including hardware, software and monitoring devices and business methods for same, for a Competing Business within 150 miles from the Company's Novi, Michigan office. "Competing business" shall mean any business, entity or group of business entities, regardless of whether organized as a corporation partnership, joint venture, association, or other organization or entity that designs, develops, produces, offers for sale or sells a product or service that can be used as a substitute for or is generally intended to satisfy the same customer needs for any one or more products or services designed,

developed, manufactured, produced, or offered for sale or sold by the Company. (Emphasis added).

15. The Employment Agreement's non-solicitation clause contains similar language. Section 6(b) states, in relevant part, that:

> ***During Employee's employment and for one years [sic] following any termination of Employee's employment***, Employee shall not, either directly or indirectly, divert solicit, attempt to solicit any person or entity who is either (i}[sic] a client or prospective client of the Company at the time of Employee's termination of employment, (II) whose accounts are serviced by the Employee during the one (1) year period preceding employees [sic] termination of employment, and/or (III) a Third party having partnership, alliance agreement, subcontractor agreement or similar strategic business relationship with the company, for purposes of offering products and/or services that are the same as or similar to any Company product or service offering. Further, during this one-year period, Employee will not participate, either directly or indirectly, in calling on, soliciting, encouraging or inducing any employees or Independent contractors of the Company to end their association with the Company. (Emphasis added).

16. On February 1, 2016, PIS closed on the purchase of Netech's assets. Thereafter, Mr. Sutherland became employed by Presidio Networked Solutions.

17. After the Employment Agreement expired, Mr. Sutherland received an email from Presidio, on January 4, 2022, asserting that Mr. Sutherland was still subject to non-competition and non-solicitation obligations in the Employment Agreement. (**Exhibit 2**).

18. PDT plans to employ Mr. Sutherland. Mr. Sutherland is expected to begin his employment with PDT soon.

19. PDT's employment of Mr. Sutherland does not violate the Employment Agreement.

**The Employment Agreement Expired**

20.   The Employment Agreement expired on December 31, 2021.  The Employment Agreement was not extended in writing.  Mr. Sutherland's Agreement ended, on its own terms, at the end of December 31, 2021 and was expired as of January 1, 2022.

21.   Mr. Sutherland's non-competition obligations existed during the terms of his employment "and or" for a period of one year from the date of "termination of employment by Employee" and his non-solicitation obligations existed during the terms of his employment and "for one years [sic] following any termination of Employee's employment."  Neither Mr. Sutherland nor Defendants ever terminated his employment; rather, Mr. Sutherland's Employment Agreement expired by its own terms.

22.   Accordingly, Mr. Sutherland's non-competition and non-solicitation obligations, if any, ended as of January 1, 2022.

**The Employment Agreement Is Superseded by the Stay Bonus Agreement**

23.   In the alternative, the Employment Agreement was superseded by another agreement, the Stay Bonus Agreement.  (**Exhibit 3**).

24.   On February 1, 2016, when Netech and PIS closed on the acquisition of Netech's assets, Presidio and Mr. Sutherland entered into a Stay Bonus Agreement.  (**Exhibit 3**).

25.   The Stay Bonus Agreement offered incentives for Mr. Sutherland to stay with Presidio after the acquisition.  The Stay Bonus Agreement constituted the entire agreement between the parties and integrated previous agreements, including the Employment Agreement.  Section 4(a) of the Stay Bonus Agreement states that "[t]his Agreement (and the other writings referred to herein) constitute the entire agreement between the parties with respect to the subject matter hereof and supersede all prior written or oral negotiations, commitments, representations, and agreements with respect thereto."

26. Accordingly, the Stay Bonus Agreement supersedes the Employment Agreement.

27. The Stay Bonus Agreement does not include a non-competition or non-solicitation provision. Accordingly, Presidio cannot enforce any non-compete or non-solicitation obligations against Mr. Sutherland under the Stay Bonus Agreement.

**Defendants Hold No Rights under the Employment Agreement**

28. Also in the alternative, if this Court determines that Mr. Sutherland's non-competition or non-solicitation obligations extended past December 31, 2021, it should determine that Mr. Sutherland's Employment Agreement is with Netech, not Presidio.

29. With the close of the assert purchase, Presidio and Netech entered into an Assignment and Assumption Agreement, dated February 1, 2016 (the "Assignment Agreement"), which purported to assign certain contracts. On February 1, 2016, the Assignment Agreement assigned Netech's rights in the Transferred Assets to PIS. (**Exhibit 4**).

30. Mr. Sutherland's non-competition and non-solicitation obligations in his Employment Agreement are personal in nature and not assignable as a matter of law.

31. Additionally, the Assignment Agreement prohibits further assignment without prior written consent of the parties, except that Presidio Holdings, Inc. is entitled to exercise rights under the Assignment Agreement. Thus, if the Agreement is assignable, it was assigned to PIS and no other entity.

32. PIS merged into Presidio Networked Solutions Group, LLC ("PNSG"). Upon information and belief, Mr. Sutherland worked for Presidio Networked Solutions, LLC ("PNS"), not PNSG. PNS is a separate entity from PNSG. PNS has no rights under the Agreement. At most, PNSG holds any rights under the Employment Agreement.

33. Any rights that were validly assigned to PNSG are limited to the rights that were granted in the Employment Agreement.

34. The Employment Agreement defines "Company" as Netech Corporation, and not any other entity. After the asset purchase, Netech continued to exist as a non-operating entity, and it still exists.

35. Thus, at most, to the extent that any rights were assigned to PNSG, those rights are limited to the ability to prevent Mr. Sutherland from competing against or soliciting clients of Netech. The rights granted in the Agreement do not include the right to prohibit competition against PNSG, PNS, or any other Presidio entity.

### COUNT I - Declaratory Judgment (Employment Agreement)

36. Plaintiffs incorporate by reference all preceding paragraphs.

37. The facts and circumstances set forth above in this Complaint present an actual controversy regarding the rights and legal relations of the parties.

38. The parties dispute whether the Employment Agreement contains enforceable non-competition and non-solicitation provisions.

39. The rights of the parties can only be determined by a declaratory judgment.

40. Based on the foregoing, there is an actual controversy between the parties, and this Court may declare the legal rights and obligations of the parties.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants and award Plaintiffs the following relief:

    a. A declaratory judgment that the non-competition and non-solicitation provisions contained within Employment Agreement have expired and are unenforceable against Mr. Sutherland.

7

      b.      Costs and expenses of this action, including reasonably attorneys' fees; and

      c.      Any further relief that the Court deems appropriate.

### **COUNT II - Declaratory Judgment (Stay Bonus Agreement)**
### **In the Alternative**

41.    Plaintiffs incorporate by reference all preceding paragraphs.

42.    The facts and circumstances set forth above in this Complaint present an actual controversy regarding the rights and legal relations of the parties.

43.    The parties dispute whether the Stay Bonus Agreement supersedes the Employment Agreement.

44.    The rights of the parties can only be determined by a declaratory judgment.

45.    Based on the foregoing, there is an actual controversy between the parties, and this Court may declare the legal rights and obligations of the parties.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants and award Plaintiff the following relief:

      a.      A declaratory judgment that the Stay Bonus Agreement does not contain any non-compete or non-solicitation provisions.

      b.      A declaratory judgment that the Stay Bonus Agreement supersedes the Employment Agreement.

      c.      Costs and expenses of this action, including reasonably attorneys' fees; and

      d.      Any further relief that the Court deems appropriate.

## COUNT III – Declaratory Judgment (Assignment)
### In the Alternative

46. Plaintiffs incorporate by reference all preceding paragraphs.

47. The facts and circumstances set forth above in this Complaint present an actual controversy regarding the rights and legal relations of the parties.

48. The parties dispute whether non-competition and non-solicitation agreements are assignable as a matter of law.

49. The parties further dispute whether non-competition and non-solicitation agreements under the Employment Agreement have been validly assigned to Defendants.

50. Any rights that were assignable do not include the right to prohibit competition against PNSG, PNS, or any other Presidio entity.

51. The rights of the parties can only be determined by a declaratory judgment.

52. Based on the foregoing, there is an actual controversy between the parties, and this Court may declare the legal rights and obligations of the parties.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in its favor and against Defendants and award Plaintiffs the following relief:

   a. A declaratory judgment that the assignment of non-competition and non-solicitation agreements in the Employment Agreement was invalid.

   b. A declaratory judgment that if the assignment was valid then any rights that were assignable do not include the right to prohibit competition against PNSG, PNS, or any other Presidio entity.

      c.      Costs and expenses of this action, including reasonably attorneys' fees; and

      d.      Any further relief that the Court deems appropriate.

MILLER JOHNSON
Attorneys for People Driven Technology, Inc.

Dated: January 17, 2022

By   /s/ D. Andrew Portinga
D. Andrew Portinga (P55804)
Sara E. Weskalnies (84076)
Business Address:
   45 Ottawa Avenue SW, Suite 1100
   PO Box 306
   Grand Rapids, Michigan 49501-0306
Telephone: (616) 831-1700
   portingaa@millerjohnson.com
   weskalniess@millerjohnson.com

WARNER NORCROSS + JUDD
Attorneys for Scott Sutherland

Dated: January 17, 2022

By   /s/ Michael G. Brady
Michael G. Brady (P57331)
2715 Woodward Ave, Ste 300
Detroit, MI 48201
(248) 546-6000
MBrady@wnj.com