UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PEOPLE DRIVEN TECHNOLOGY, INC. et al.,<br>　　　　　Plaintiffs,<br><br>v.<br><br>PRESIDIO, INC. et al.,<br>　　　　　Defendants. | Lead Case No. 22-10098<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |
| PRESIDIO, INC. et al.,<br>　　　　　Plaintiffs,<br><br>v.<br><br>STEVEN TERHAAR et al.,<br>　　　　　Defendants. | Consolidated with:<br>Case No. 22-10118<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |
| ALEXANDRO A. SCHEKER & PEOPLE DRIVEN TECHNOLOGY, INC.,<br>　　　　　Plaintiffs,<br><br>v.<br><br>PRESIDIO, INC. et al.,<br>　　　　　Defendants. | Consolidated with:<br>Case No. 22-10674<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**OPINION AND ORDER DENYING PRESIDIO'S MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 30, 2022 OPINION AND ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION (ECF NO. 126)**

This case involves consolidated actions about allegedly stolen information and the enforceability of various provisions in employment agreements. In one action, People Driven Technology, Inc. (PDT) and its employee Scott Sutherland sued Presidio, Inc. and its subsidiaries (collectively, Presidio). ECF No. 1. PDT and Sutherland seek a declaratory judgment that the non-compete and non-solicitation provisions in an employment agreement (the Agreement) between Sutherland and his former employer, now Presidio, are not enforceable. *Id.* In another action, Presidio sued PDT, Sutherland, and several former Presidio employees now employed by PDT, in part claiming for Count I that Sutherland breached his employment agreement. ECF No. 26.

In a November 30, 2022 order (the Order), the Court granted PDT and Sutherland's motion for judgment on the pleadings, dismissing Sutherland from Count I of Presidio's complaint as a result, and denied Presidio's motion for temporary restraining orders and preliminary injunctive relief. ECF No. 120.

Now before the Court is Presidio's motion for reconsideration of the Order under Federal Rule of Civil Procedure 59(e) and Eastern District of Michigan Local Rule 7.1(h). ECF No. 126. For the reasons below, the Court denies Presidio's motion.

I. **Standards of Review**

Under Local Rule 7.1(h)(2), the Court will not grant motions for reconsideration of non-final orders unless there was a mistake, an intervening change in controlling law, or new facts that were not discoverable with reasonable diligence, such that it would affect the outcome of the decision. A motion for reconsideration is not a proper means "to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). "Fundamentally, 'a motion for reconsideration is not a second bite at the apple[.]'" *Masjid Malcolm Shabazz House of Worship, Inc. v. City of Inkster*, 2022 WL 866402, at *7 (E.D. Mich. Mar. 23, 2022) (quoting *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011)).

Similarly, under Rule 59(e) the Court may grant a motion to alter or amend a final judgment if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

The clear error of law standard is "exceptionally high," requiring that any errors "were so egregious that an appellate court would not affirm the judgment." *Grace v. Ky.*, No. 5:20-CV-00036, 2021 WL 5702436, at *2 (W.D. Ky. Dec. 1, 2021), *aff'd*, No. 22-5019, 2022 WL 18145564 (6th Cir. Nov. 22, 2022). Further, "newly discovered evidence" must have been previously unavailable. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 614 (6th Cir. 2010). It is "well established" that Rule 59(e) relief is not warranted "when [a motion] is premised on evidence that the party had in [its] control prior to the original entry of judgment." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 567 (6th Cir. 2016).

Like a motion under Local Rule 7.1(h), a Rule 59 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

Because the Order disposed of PDT and Sutherland's suit but left other claims and parties within Presidio's suit, the Order was both a final judgment and a non-final order. The standards under Local Rule 7.1(h) and Rule 59(e) are consistent with each other, so the Court need not parse its

Order according to each standard. *See Henderson*, 469 F.3d at 496. The Court therefore reviews its Order in parallel under each rule.

## II. Factual Background

The Court provided a summary of the relevant facts in its Order and will not repeat that summary here. The Court instead summarizes the additional facts in Presidio's motion.

Through discovery in a related action, Presidio obtained (1) on December 12, 2022, Sutherland's deposition testimony; (2) on an unspecified date, a copy of a December 20, 2021 out-of-office email from Sutherland to his supervisor; (3) on November 18, 2022, deposition testimony of a Presidio human resources employee; (4) on an unspecified date, a copy of a January 24, 2022 email from Sutherland to a PDT supplier. ECF No. 126, PageID.3219-23. Presidio asserts that this evidence presents the following new facts, showing that Sutherland continued to be employed by Presidio until he resigned on January 4, 2022:

Sutherland decided around December 18, 2021 that he would accept PDT's employment offer. *See* ECF No. 126-2, PageID.3243. Around December 20, 2021, to prepare for vacation, Sutherland set his Presidio email account to send automatic out-of-office emails, indicating he would be away "starting Monday, December the 20th and returning Tuesday,

January the 4th." *See id.* at PageID.3244; ECF No. 126-4, PageID.3254. Sutherland never changed his away message at any time prior to his departure from Presidio. ECF No. 126-2, PageID.3244.

On January 4, 2022, Sutherland returned from his vacation and emailed his supervisor indicating that he was ending his employment at Presidio. *See id.* at PageID.3246. The supervisor then called and told Sutherland that Presidio would treat him as an employee through January 4, 2022. *Id.* This was because Sutherland did not notify Presidio of his departure until that date. ECF No. 126-5, PageID.3258-59.

On January 24, 2022, six days after Sutherland joined PDT, he told one of PDT's suppliers that he "actually resigned from Presidio on 1/3 and started at People Driven Technology last week." ECF No. 126-6, PageID.3261.

## III. Analysis

Presidio challenges the Court's conclusion that the expiration of Sutherland's employment did not constitute "termination" under the Agreement's non-solicitation provision. In its Order, the Court found that because the Agreement defined "termination" in two ways, both of which required taking action before the Agreement expired, Sutherland's

departure upon the Agreement's expiration was not "termination," and so the non-solicitation provision was unenforceable.

Presidio argues that the non-solicitation and non-competition provisions use different terminology—namely, the former applies "[d]uring Employee's employment"; the latter, "during the term of Employee's employment." Presidio contends that this difference means that Sutherland's departure after the Agreement expired counted as "termination," regardless of the Agreement's expiration.

Presidio improperly seeks to make an argument it could have made before the Order issued. *See Smith ex rel. Smith*, 298 F. Supp. 2d at 637; *Brumley*, 909 F.3d at 841. During briefing, Presidio argued that the non-solicitation and non-competition provisions "use different terminology" and that as a result, Sutherland's departure "would qualify as 'any' termination" under the non-solicitation provision, regardless of whether the Agreement expired. ECF No. 77, PageID.1804. Although Presidio now focuses on a different word in the provision, Presidio argues for the same conclusion it argued for during briefing. Presidio therefore is not entitled to relief under Local Rule 7.1(h) and Rule 59(e).

Presidio also argues that because new facts show that Sutherland was still employed by Presidio after the Agreement expired, a genuine

issue of material fact should have precluded judgment on the pleadings. Presidio alternatively argues that the new facts show Sutherland terminated his at-will employment after the Agreement expired, triggering the non-competition and non-solicitation provisions.

None of Presidio's evidence counts as newly discovered because Presidio could have previously learned what it claims the evidence shows—that it still employed Sutherland until it learned of his departure on January 4, 2022. *See Leisure Caviar*, 616 F.3d at 617. Nothing prevented Presidio from discovering this fact through its own email records and employees. It could have readily done so. *See, e.g.*, ECF No. 126-4, PageID.3254 (Sutherland's out-of-office email to supervisor); ECF No. 126-2, PageID.3246 (supervisor received email about Sutherland departing).

Even if the fact that Presidio still employed Sutherland until January 4, 2022 "came as a surprise" to itself, *Leisure Caviar*, 616 F.3d at 617, Presidio overstates the amount of new evidence it has. The copy of Sutherland's out-of-office email sent to a Presidio supervisor and the testimony of a Presidio human resources employee cannot be newly discovered because both were available to Presidio through its employees. *See id.* at 614. And the Court discounts the copy of Sutherland's email to a PDT supplier because Presidio does not explain whether it obtained the

copy before the Order issued. *See Zucker*, 643 F. App'x at 567. Only Sutherland's December 12, 2022 deposition testimony might support Presidio's motion.

Even if, as Presidio contends, any of its new evidence shows that after the Agreement expired, Sutherland was still employed at Presidio and ended his employment by resignation, such facts are immaterial. The Court interpreted "termination" to require action before the Agreement expired. Presidio's new facts show action *after* the Agreement expired—Sutherland sent his departure notice when he returned from vacation four days after the Agreement expired. *See* ECF No. 126-2, PageID.3244-46. Under the Court's interpretation, these new facts do not show a "termination" that triggered either provision's sunset period. Accordingly, the new facts do not alter the Court's judgment and do not afford Presidio relief under Local Rule 7.1(h) and Rule 59(e).

## IV. Conclusion

For the reasons above, Presidio's motion for reconsideration of the Order granting the motion for judgment on the pleadings and denying the motion for temporary restraining order/preliminary injunction (ECF No. 126) is **DENIED**.

Dated: August 2, 2023                              s/ Shalina D. Kumar
                                                   SHALINA D. KUMAR
                                                   United States District Judge