UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PEOPLE DRIVEN TECHNOLOGY, INC. et al., <br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>PRESIDIO, INC. et al.,<br><br>　　　　　　Defendants. | Lead Case No. 22-10098<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |
| PRESIDIO, INC. et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>STEVEN TERHAAR et al.,<br><br>　　　　　　Defendants. | Consolidated with:<br>Case No. 22-10118<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |
| ALEXANDRO A. SCHEKER & PEOPLE DRIVEN TECHNOLOGY, INC.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>PRESIDIO, INC. et al.,<br><br>　　　　　　Defendants. | Consolidated with:<br>Case No. 22-10674<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**OPINION AND ORDER DENYING INDIVIDUAL DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S OPINION AND ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT I (ECF NO. 137)**

This case involves consolidated actions about allegedly stolen information and the enforceability of various provisions in employment agreements. Relevant here, Presidio, Inc. and its subsidiaries, Presidio Networked Solutions LLC (PNS) and Presidio Networked Solutions Group, LLC (PNSG), (collectively, Presidio) sued People Driven Technologies, Inc. (PDT) and several former Presidio, current PDT, employees, including Dawn Batson, Charles Booth, Chad Gieseke, Joel Neils, Steven TerHaar, and Douglas Quackenbush (the Individuals). ECF No. 26. Presidio claims, among other things, that the Individuals breached their respective employment agreements (the Agreements) by misappropriating Presidio's proprietary information. ECF No. 26.

As to this breach of contract claim, the Individuals moved for judgment on the pleadings. ECF No. 71. They argued that even if the Agreements had been properly assigned to and could be enforced by Presidio, the Agreements do not protect Presidio's information but only protect information belonging to Netech, the original party-employer to the Agreements. The Court disagreed, concluding that Netech validly assigned the Agreements to Presidio and therefore Presidio is entitled to the same benefits and protections the Agreements afforded Netech.

The Individuals also argued for the first time at oral argument that even if the Agreements protected Presidio's information, PNS cannot enforce the Agreements and so Presidio's breach of contract claim on behalf of PNS should be dismissed. The Court concluded that the Individuals waived this argument but still found that PNS may enforce the Agreements as the parent corporation to PNSG, the Agreements' assignee.

The Individuals now move the Court to reconsider these conclusions. ECF No. 137. For the following reasons, the Court denies their motion.

Under Local Rule 7.1(h)(2), motions for reconsideration of non-final orders are disfavored, and the Court will not grant one unless there was a mistake, an intervening change in controlling law, or new facts that were not discoverable with reasonable diligence, such that it would affect the outcome of the decision. A motion for reconsideration is not a proper means "to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). "Fundamentally, 'a motion for reconsideration is not a second bite at the apple[.]'" *Masjid Malcolm Shabazz House of Worship, Inc. v. City of Inkster*, 2022 WL 866402, at *7 (E.D. Mich. Mar. 23, 2022) (quoting *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011)).

In their motion for reconsideration, the Individuals argue that PNS does not have and cannot enforce any rights under the Agreements because the Agreements were assigned to PNSG, the only party that may enforce the Agreements. They also argue that in any case, Presidio cannot enforce the Agreements because PNSG, as the Agreements' assignee, never performed under the Agreements.

These arguments are improper. In their original briefing, the Individuals assumed for purposes of their argument that Presidio was properly assigned and could enforce the Agreements. This assumption turned out to be fatal to their argument, and now, they seek to revisit it on reconsideration by arguing that neither PNS nor Presidio more generally may enforce the Agreements. Because the Individuals could have previously made the arguments they now make, the Court finds no grounds properly support the Individuals' motion. *See Smith ex rel. Smith*, 298 F. Supp. 2d at 637.

For these reasons, the Individuals' motion for reconsideration of the Court's opinion and order denying their motion for judgment on the pleadings (ECF No. 137) is **DENIED**.

Dated: August 2, 2023

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge